UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Delton Donae Mallory**                                                     **Docket No. 2:10-CR-31-1D**

**Petition for Action on Supervised Release**

COMES NOW Lakesha H. Wright, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Delton Donae Mallory, who, upon an earlier plea of guilty to Conspiracy to Distribute and Possess With the Intent to Distribute More Than 50 Grams of Cocaine Base (Crack), in violation of 21 U.S.C. § 846, was sentenced by the Honorable James C. Dever III, U.S. District Judge, on June 9, 2011, to the custody of the Bureau of Prisons for a term of 192 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 5 years. On April 2, 2020, upon the granting of Mallory's motion pursuant to 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018, the term of imprisonment was reduced to 138 months, and the term of supervised release was reduced to 4 years.

Delton Donae Mallory was released from custody on June 19, 2020, at which time the term of supervised release commenced.

On April 21, 2020, a Petition for Action was submitted to the court recommending that the condition of supervised release ordering the defendant to abide by the rules and regulations of the Eastern District of North Carolina Sex Offender Program be stricken inasmuch as the program is no longer active in our district. It was also recommended that conditions recommended by the sex offender treatment provider and individualized to meet the specific needs of Mallory be imposed in lieu of the program. The court concurred with the recommendations on August 27, 2020. Note: The defendant underwent a psycho-sexual evaluation at Albemarle Psychology Clinical & Forensics Services in Elizabeth City, North Carolina, and was not recommended to participate in sex offender-specific treatment.

On March 31, 2021, a Violation Report was submitted to the court advising that on March 18, 2021, Mallory submitted to an instant urine screen which tested positive for cocaine use. The national laboratory confirmed the result on March 26, 2021. Although the defendant denied the results of each test when confronted by the probation officer, he ultimately admitted to the probation officer that he consumed cocaine on March 14, 2021. Mallory also provided a written statement acknowledging his illegal drug use. In response to the violation, the undersigned probation officer used cognitive behavioral skills with the defendant, counseled him about his drug use, and referred him to PORT Health in Elizabeth City, North Carolina, for a substance abuse assessment. The substance abuse assessment is pending. Based on the interventions implemented by the probation officer, it was recommended that Mallory be continued under supervision without modification. The court concurred with the recommendation on April 1, 2021. Note: The defendant underwent a substance abuse assessment at PORT Health on May 4, 2021, and recommended to participate in individual treatment.

On April 27, 2021, a Petition for Action was submitted to the court advising that during an unannounced home visit conducted on April 18, 2021, the undersigned probation officer was informed by Mallory's father that the defendant, a registered sex offender, did not stay at the residence during the night of April 17, 2021, nor had he been staying at the residence each night. On April 21, 2021, when confronted by the probation officer, Mallory admitted he violated his supervised release by failing to provide truthful inquiries to his probation officer about his residential status during prior supervision-related visits. The defendant elaborated on his misconduct by acknowledging that he had been staying at his residence three nights per week and at local hotels during the remainder of the week. In response to the violations, it was recommended that Mallory be ordered to abide by a curfew with electronic monitoring for a period of 60 consecutive days. The court concurred with the recommendation on April 28, 2021. The electronic monitoring equipment was installed on May 4, 2021.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

As noted above, on April 28, 2021, the court ordered the defendant to abide by a curfew with electronic monitoring. The court also ordered Mallory to abide by all requirements of the electronic monitoring program as well as the instructions and procedures provided by the supervising officer. The electronic monitoring equipment was installed on May 4, 2021.

As a condition of the electronic monitoring program, Mallory is ordered to refrain from the use of alcohol and controlled substances unless the controlled substance is prescribed by a licensed medical practitioner. On June 8, 2021, during the early morning hours, the undersigned probation officer conducted an unannounced visit at the defendant's residence for the purpose of monitoring his supervised release conditions and his compliance with the electronic monitoring program. Upon entering Mallory's residence, the probation officer observed an open bottle of beer on the floor in the living room and noticed that the defendant appeared to be under the influence of alcohol. Moreover, the probation officer observed an open 24 pack of beer inside of the refrigerator after Mallory voluntarily opened it. Although the defendant claimed that the 24 pack of beer belonged to his father, he admitted to consuming two beers during the night of June 7, 2021, in violation of his electronic monitoring condition. Thereafter, Mallory submitted to an instant urine screen which tested positive for cocaine use. He subsequently admitted to using cocaine on June 5, 2021, in violation of his supervised release and electronic monitoring condition. Note: The national laboratory did not confirm the defendant's drug use. Nonetheless, Mallory provided a written statement acknowledging his alcohol and illegal drug use.

In response to the violations, it respectfully recommended that the defendant be ordered to abide by a curfew with electronic monitoring for an additional 60 days. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision. Note: In an effort to address Mallory's substance abuse issues, his substance abuse treatment counselor at PORT Health agreed to modify the defendant's treatment plan to include group substance abuse treatment.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 60 consecutive days (in addition to the 60 days ordered on April 28, 2021). The defendant is restricted to his residence during the curfew hours. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,   I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

/s/ Lakesha H. Wright
Lakesha H. Wright
U.S. Probation Officer
306 East Main Street, Room 306
Elizabeth City, NC 27909-7909
Phone: 252-335-5508
Executed On: June 17, 2021

## ORDER OF THE COURT

Considered and ordered this **21** day of **June**, 2021, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge